**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 17-4315**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELONTE JAVON BROOKS,

Defendant - Appellant.

**No. 17-4316**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DELONTE JAVON BROOKS,

Defendant - Appellant.

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:16-cr-00135-MOC-DCK-1; 3:16-cr-00288-MOC-DCK-1)

Submitted: November 21, 2017                    Decided: November 27, 2017

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to two plea agreements, Delonte Javon Brooks pled guilty to armed bank robbery, bank robbery, and attempted bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2012). The Government argued for a five-level sentence enhancement, pursuant to U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(C) (2016), for brandishing a firearm. The district court applied the five-level enhancement and sentenced Brooks to a within-Guidelines sentence of concurrent 135-month terms on each count. Brooks timely appealed.

Brooks' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), finding no meritorious issues for appeal but questioning whether the Government breached the plea agreements by pursuing the § 2B3.1(b)(2)(C) enhancement. In addition to reiterating the argument in the *Anders* brief, Brooks' pro se supplemental brief asserts that the Government gave inadequate notice of its intent to pursue the § 2B3.1(b)(2)(C) enhancement and that the district court erred in applying the enhancement. The Government has declined to file a response brief. We affirm.

Because Brooks did not argue in the district court that the Government breached the plea agreement, we review the issue for plain error. *Puckett v. United States*, 556 U.S. 129, 133-34 (2009). "[A] defendant alleging the Government's breach of a plea agreement bears the burden of establishing that breach by a preponderance of the evidence." *United States v. Snow*, 234 F.3d 187, 189 (4th Cir. 2000).

Brooks entered his guilty pleas pursuant to two plea agreements. In both plea agreements, the parties agreed that a within-Guidelines sentence was appropriate and that

3

they would not pursue departures or variances. However, the plea agreements did not preclude the parties from arguing for enhancements or reductions. Furthermore, the plea agreement for the armed bank robbery count expressly provided that the parties could argue their respective positions concerning potential enhancements under USSG § 2B3.1(b)(2). We therefore conclude that the Government's pursuit of a five-level enhancement under USSG § 2B3.1(b)(2)(C) did not breach the plea agreements.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment. This court requires that counsel inform Brooks, in writing, of the right to petition the Supreme Court of the United States for further review. If Brooks requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brooks. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We have reviewed the claims in Brooks' pro se supplemental brief and conclude that they do not entitle him to relief.